UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 20-20499

v.                                              Honorable Nancy G. Edmunds

CRAIG PHILLIPS,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [3]**

On March 22, 2012, Defendant Craig Phillips was indicted in the Eastern District of Virginia. (*United States v. Phillips*, No. 2:12-cr-37, Doc. 3 (E.D. Va. March 22, 2012.)) On July 11, 2012, Defendant pled guilty to Conspiracy to Commit Wire Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1349 and 1343, respectively. (*Id.*, Doc. 34.) On October 10, 2012, Defendant was sentenced in the Eastern District of Virginia to a total term of 108 months imprisonment to be followed by three years of supervised release. (*Id.*, Doc. 69.) Defendant began his term of supervised release on August 7, 2020 and that term is due to expire on July 1, 2023. On October 16, 2020, Defendant's supervised release jurisdiction was transferred to the Eastern District of Michigan. (ECF No. 2.) Defendant now moves this Court for early termination of supervised release. (ECF No. 3.)

In support of his motion, Defendant states he has completed nineteen months and a week of supervision with no violations, that he found and maintains employment, that he continues to test negative for drugs and make payments towards his restitution obligations, and that no new charges have been brought against him. Additionally, he

1

states he has successfully adjusted and that he no longer requires the resources the U.S. Probation Department offers.

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). The Court may terminate supervised release early, however, as long as one year of supervised release has expired and the Court is satisfied that early termination is warranted by a defendant's conduct and the interest of justice. 18 U.S.C. § 3583(e)(1). Additional factors the Court considers are the sentencing factors found at 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* § 3583(e). In most cases, early termination of supervised release is "proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant" a change of sentence. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotation marks and citation omitted).

Here, Defendant has served slightly more than half of his 36-month term of supervised release. Defendant states he has successfully adjusted and no longer requires the services provided by the Probation Department, but he presents no new or unforeseen circumstances that would warrant early termination of the full term imposed by the sentencing judge. The Court commends Defendant on his compliance with the conditions of supervised release, but such compliance is expected and does not constitute a "new or unforeseen circumstance." *See id.* Moreover, based upon the Court's review of the record and sentencing materials, the Court is satisfied that Defendant's original sentence was "sufficient, but not greater than necessary," thus negating any need

to change the original term of supervised release imposed. *See id*. (quoting 18 U.S.C. § 3553(a)).

    Accordingly, Defendant's motion is **DENIED**.

    **SO ORDERED**.

                                            s/Nancy G. Edmunds
                                            Nancy G. Edmunds
                                            United States District Judge

Dated: April 11, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2022, by electronic and/or ordinary mail.

                                            s/Lisa Bartlett
                                            Case Manager